## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 7:23-CR-66 (WLS)** |
| | : | |
| **LYRIC AMEIRE LINDER** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on September 19, 2024, Defendant Lyric Ameire Linder (hereinafter "Linder" or "Defendant"), pled guilty to Count One of the Indictment charging her with Possession with Intent to Distribute Cocaine and Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

AND WHEREAS, the Indictment contained a generic Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 21, United States Code, Section 853, of specific property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s).

AND WHEREAS, as part of her Plea Agreement, the Defendant consented to the forfeiture of the following property, to wit:

## FIREARMS, MAGAZINES, AND AMMUNITION

A.      One (1) Beretta, Model: 92FS, 9mm semiautomatic pistol, Serial Number: C28582Z;

B.  One (1) Taurus, Model: The Judge, .45/410 caliber revolver, Serial Number: JZ146454, with attached magazine;

C.  One (1) Glock, Model: 44, .22 caliber pistol, Serial Number: AGXV253;

D.  One (1) Taurus, Model: PT24/7 G2 C, .45 caliber pistol, Serial Number: NFP82892;

E.  One (1) magazine with five (5) rounds of .45 caliber ammunition;

F.  One (1) partially loaded magazine and two (2) boxes of .22 caliber ammunition;

G.  One (1) extended gun magazine with eight (8) rounds of ammunition; and

H.  one (1) Glock gun box,

AND WHEREAS, a third-party administrative forfeiture claim was filed by a third-party claimant as to the Taurus, Model: The Judge, .45/410 caliber revolver, Serial Number: JZ146454, with attached magazine, described above in letter B. above, claiming the firearm was stolen;

AND WHEREAS, the United States intends to return the Taurus Judge to the administrative Claimant Marlie Daugherty when its no longer needed as evidence in this criminal case so long as he is not a prohibited person;

AND WHEREAS, the United States moves pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure for the entry of a Preliminary Order of Forfeiture, forfeiting the following property:

**FIREARMS, MAGAZINES, AND AMMUNITION**

A.  One (1) Beretta, Model: 92FS, 9mm semiautomatic pistol, Serial Number: C28582Z;

B.  One (1) Glock, Model: 44, .22 caliber pistol, Serial Number: AGXV253;

C.     One (1) Taurus, Model: PT24/7 G2 C, .45 caliber pistol, Serial Number: NFP82892;

D.     One (1) magazine with five (5) rounds of .45 caliber ammunition;

E.     One (1) partially loaded magazine and two (2) boxes of .22 caliber ammunition;

F.     One (1) extended gun magazine with eight (8) rounds of ammunition; and

G.     one (1) Glock gun box,

(hereinafter collectively referred to as the "subject property").

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the subject property; (2) that the property is subject to forfeiture pursuant to 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the subject property;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction and the subject property is hereby forfeited to the United States.

2.     Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3

3.      The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4.      Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. ' 853(n).

5.      Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6.      Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner=s right, title or interest in the subject property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner=s claim and the relief sought.

7.      After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules

4

of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.    The United States shall have clear title to the subject property following the Court=s disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n), for the filing of third-party petitions.

9.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 5th day of Dec. , 2024.

_____
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

PETER D. LEARY
UNITED STATES ATTORNEY

*/s/ Michael P. Morrill*
MICHAEL P. MORRILL
Assistant United States Attorney
Georgia Bar No.: 545410